UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| DANA WISECUP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Case No. 17-cv-07-JMH |
| v. ) | |
| ) | |
| AICHI FORGE USA, INC., ) | |
| ) | **MEMORANDUM OPINION & ORDER** |
| Defendant. ) | |
| ) | |

\*\*\*

This matter is before the Court upon Defendant's Motion to Dismiss and/or Motion for Summary Judgment [DE 7], which has been fully briefed [DE 10, 11] and is ripe for consideration.[1] With respect to Plaintiff's three employment-related retaliation claims raised in this action against Aichi Forge USA, Inc. ("Aichi"), Defendant argues that they are barred by a settlement and release agreement (the "Agreement") that Plaintiff voluntarily signed more than a year after the termination of her employment. She objects on the grounds that the settlement agreement was intended solely to resolve her workers' compensation claim. After careful consideration of the facts before this Court, the Court concludes that her claims should be

---

[1] The Court has also considered and will grant Defendant's Motion for Leave to File an attachment to its Memorandum in Support of its Motion to Dismiss and/or for Summary Judgment under seal [DE 8].

dismissed in light of the Agreement, and Defendant's Motion will be granted.

I.

Plaintiff worked for Aichi for approximately 15 years. (Complaint, ¶ 8). She filed a Charge of Discrimination with the Kentucky Commission on Human Rights in May 2013, which was settled around July 22, 2013. (Complaint, ¶ 26). Then, she suffered an injury to her shoulder while at work, on October 4, 2013. (Complaint, ¶ 11). She filed a workers' compensation claim, (Complaint, ¶ 14), and took leave under the Family and Medical Leave Act ("FMLA") until she exhausted her allotted leave in May 2014, at which time Aichi terminated her employment. (Complaint, ¶¶ 20-22).

Over a year later, on, July 22, 2015, Plaintiff signed an Agreement, settling her workers' compensation claim and other potential claims, as follows:

> In exchange for this consideration, the plaintiff agrees to waive and release the defendant/employer from any and all claims for liability arising out of the October 4, 2013 work injury. The plaintiff's waiver and release includes, but is not limited to, claims for additional income/indemnity benefits, vocational rehabilitation benefits, additional medical benefits for any and all treatment, and the right to reopen. Plaintiff waives all claims, known or otherwise.

The ALJ entered an Order approving the Agreement on July 27, 2015.

In 2017, Plaintiff filed the three-count Complaint in this matter, alleging retaliation under Title VII and the Kentucky Civil Rights Act ("KCRA"), FMLA retaliation, and workers'

compensation retaliation in violation of KRS 342.197. (Complaint, ¶¶ 25-37). She avers that Aichi wrongfully terminated her employment in retaliation against her for engaging in protected activity under Title VII and the KCRA when she filed a Charge of Discrimination with the Kentucky Commission on Human Rights in May 2013. (Complaint, ¶ 26, 27). Plaintiff also avers that she was prohibited from returning to work and subsequently terminated and wrongfully retaliated against after using FMLA time in light of her October 4, 2013 shoulder injury. (Complaint, ¶¶ 12, 20, 21, 30, 31). Finally, Plaintiff claims she engaged in protected activity when she filed her workers' compensation claim following her October 2013 injury and was subsequently terminated in retaliation for her filing. (Complaint, ¶¶ 35-36).

## II.

Under Kentucky law,

> [a]n agreement to settle legal claims is essentially a contract subject to the rules of contract interpretation. It is valid if it satisfies the requirements associated with contracts generally, *i.e.,* offer and acceptance, full and complete terms, and consideration. *See, e.g., Hines v. Thomas Jefferson Fire Ins. Co.,* Ky., 267 S.W.2d 709 (1953); *Huff Contracting v. Sark,* Ky.App., 12 S.W.3d 704 (2000)(involving settlement of claim to future medical benefits under workers' compensation law); *Old Republic Ins. Co. v. Ashley,* Ky.App., 722 S.W.2d 55 (1986)(same). The primary object in construing a contract or compromise settlement agreement is to effectuate the intentions of the parties. *See Withers v. Commonwealth, Department of Transportation,* Ky.App., 656 S.W.2d 747, 749 (1983); *Wilcox v. Wilcox,* Ky., 406 S.W.2d 152, 153 (1966). "Any contract or agreement must be construed

3

> as a whole, giving effect to all parts and every word in it if possible." *City of Louisa v. Newland,* Ky., 705 S.W.2d 916, 919 (1986).

*Cantrell Supply, Inc. v. Liberty Mut. Ins. Co.*, 94 S.W.3d 381, 384–85 (Ky. Ct. App. 2002)

> [Only w]here a contract is ambiguous or silent on a vital matter, a court may consider parol and extrinsic evidence involving the circumstances surrounding execution of the contract, the subject matter of the contract, the objects to be accomplished, and the conduct of the parties. *See, e.g., Reynolds Metals Co. v. Barker,* Ky., 256 S.W.2d 17, 18 (1953); *Dennis v. Watson,* Ky., 264 S.W.2d 858, 860 (1953); *L.K. Comstock & Co., Inc. v. Becon Const. Co.,* 932 F.Supp. 948, 965 (E.D.Ky.1993). Absent an ambiguity in the contract, the parties' intentions must be discerned from the four corners of the instrument without resort to extrinsic evidence. *Hoheimer v. Hoheimer,* Ky., 30 S.W.3d 176, 178 (2000); *L.K. Comstock,* 932 F.Supp. at 964. A contract is ambiguous if a reasonable person would find it susceptible to different or inconsistent interpretations. *Transport Ins. Co. v. Ford,* Ky.App., 886 S.W.2d 901, 905 (1994); *Luttrell v. Cooper Industries, Inc.,* 60 F.Supp.2d 629, 631 (E.D.Ky. 1998). The fact that one party may have intended different results, however, is insufficient to construe a contract at variance with its plain and unambiguous terms. *Green v. McGrath,* 662 F.Supp. 337, 342 (E.D.Ky. 1986). Generally, the interpretation of a contract, including determining whether a contract is ambiguous, is a question of law for the courts and is subject to *de novo* review. *First Commonwealth Bank of Prestonsburg v. West,* Ky.App., 55 S.W.3d 829, 835 (2000); *Morganfield Nat'l Bank v.*

>                    *Damien Elder & Sons,* Ky., 836 S.W.2d 893,
>                    895 (1992); *Fay E. Sams Money Purchase
>                    Pension Plan v. Jansen,* Ky.App., 3 S.W.3d
>                    753, 757 (1999). However, once a court
>                    determines that a contract is ambiguous,
>                    areas of dispute concerning the extrinsic
>                    evidence are factual issues and construction
>                    of the contract become subject to resolution
>                    by the fact-finder. *See Cook United, Inc. v.
>                    Waits,* Ky., 512 S.W.2d 493, 495 (1974);
>                    *Reynolds Metals Co., supra; Lagrew v. Hooks–
>                    SupeRx,* 905 F.Supp. 401, 404 (E.D.Ky. 1995).

*Id.* at 385.

Both Plaintiff and Defendant argue that the Agreement is clear and unambiguous and, with that assessment, the Court agrees. In light of the very different conclusions that the parties urge, one must be disappointed.[2] On the facts before this Court, it will be Plaintiff because the Court agrees with Aichi that, as a matter of law, the language is clear – the waiver of any and all claims is of equal dignity with the settlement of the workers compensation claims themselves.[3]

---

[2] Plaintiff argues that if the Court disagrees with her then the Agreement must be ambiguous and there are facts from which a trier of fact could conclude that the Agreement was not intended to be a waiver of any and all claims arising from her employment with Defendant because it does not reference charges of discrimination like the retaliation claim raised with the Kentucky Commission on Human Rights on July 2, 2014, and which was pending when her workers' compensation claim was settled on July 22, 2015. She argues that it is meaningful that the case before the KHRC remained open until a right-to-sue letter was sent to her on October 6, 2016, stating that "[t]he EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge." The Court is not persuaded.
[3] The Court has also considered whether this might be comparable to a bodily injury settlement agreement that purports to foreclose the possibility of a bad faith claim against an insurer, which is not supported by Kentucky law. The Court reasons that it is not because her retaliation claim was raised with the Kentucky Commission on Human Rights on July 2, 2014, and was pending when her workers' compensation claim was settled on July 22, 2015.

Plaintiff takes the position that the settlement agreement is limited in nature, "entered into for the sole purpose of settling [her] workers' compensation claim," and not the global settlement of any and all possible claims—including her discrimination claim—between the parties asserted by Defendant. [DE 10 at 2, Page ID#: 54.] She asks the Court to look at the Agreement's caption, which indicates that the settlement relates to "Workers' Compensation Claim No. 2013-64902," and that, in consideration of the settlement payment, she is offering "[w]aiver or buyout of future medical expenses," "[w]aiver of vocational rehabilitation," and "[w]aiver of right to reopen." Plaintiff argues that there is no general waiver or release, for example, any and all claims arising out of her employment with Defendant, nor does the document expressly waive retaliation claims or any claims arising out of other unlawful employment practices.

The Agreement states clearly, however, that, "[i]n exchange for this consideration, the plaintiff agrees to waive and release the defendant/employer from any and all claims for liability arising out of the October 4, 2013[,] work injury. . . "and that "Plaintiff waives all claims, known or otherwise." Her retaliation claims arise from Defendant's decision to deny her light duty and, by extension, to terminate her employment. Defendant denied her light duty which she claims was necessary

as a result of her October 4, 2013, work injury. There can be no more obvious example of a claim arising out of that injury than this. While Plaintiff would have this Court limit the application of the Agreement to those claims available expressly under the worker's compensation statute by virtue of the proceeding where the settlement was reached and the caption on the document, the Court cannot ignore that she elected to settle "*any and all claims*" (emphasis added) arising out of her injury and expressly "waive[d] *all claims*, known or otherwise."

Defendant urges the Court to follow the rationale in *Hoggard v. Catch, Inc.*, Civil Action No. 12-4783, 2013 WL 3430085, *5 (E.D. Pa. Jul. 9, 2013) (dismissing a subsequent ADA claim where the workers' compensation agreement "completely resolve[d] all claims and issues arising out of Claimant's 05/11/2011 injury."), and *Canfield v. Movie Tavern, Inc.*, Civil Action No. 13-cv-03484, 2013 WL 6506320, *3 (E.D.Pa. Dec. 12, 2013) (in which the agreement at issue "resolve[d] any and all workers' compensation claims, including but not limited to scarring and specific lost, arising out of the claimant's employment"). The Court agrees that there is a distinction between language that waives "any and all workers' compensation claims" and language that waives "any and all claims arising out of" a workplace injury on a given date and that both must be given their due. By doing so, the Court construes the agreement

7

"as a whole, giving effect to all parts and every word in it if possible." *City of Louisa v. Newland*, 705 S.W.2d 916, 919 (Ky. 1986) (emphasis added)

Ultimately, the Court concludes that Plaintiff's claim for FMLA retaliation is barred in light of the waiver contained in the settlement agreement: "the plaintiff agrees to waive and release the defendant/employer from any and all claims for liability arising out of the October 4, 2013 work injury." "Arising out of" has been interpreted to include all claims, including related employment claims, predicated on the subject of that phrase and is equivalent to "originating from," growing out of," "flowing from," or "done in connection with." *See Fed. Ins. Co. v. Tri-State Ins. Co.*, 157 F.3d 800, 804 (10th Cir. 1998). Here, had Plaintiff not been injured in October 2013, she would have had no grounds whatsoever for the claim of retaliation. It is irrelevant that there is no specific mention of employment, particularly as her employment had already been terminated and these claims were already before the KCHR when the Agreement was reached. Summary judgment is appropriate. *See* Fed. R. Civ. P. 12(d) (stating that the Court will treat a motion to dismiss as a motion for summary judgment as a motion for summary judgment where the movant presents documents outside of the pleadings to support dismissal); Fed. R. Civ. P. 56(c) (when ruling on a motion for summary judgment, "the judgment

should be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the moving party is entitled to judgment as a matter of law."); Celotex Corp, v. Catrett, 477 U.S. 317, 322 (1986) (court must enter summary judgment when the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.''). Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986) (non-movant must establish the existence of "specific facts showing there is a genuine issue for trial" to survive summary judgment).

Accordingly, **IT IS ORDERED:**

(1) That Defendant's Motion to Dismiss and/or Motion for Summary Judgment [DE 7] is **GRANTED** and

(2) That Defendant's Motion for Leave to File an attachment to its Memorandum in Support of its Motion to Dismiss and/or for Summary Judgment under seal [DE 8] is **GRANTED.**

This the 6th day of April, 2018.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge